UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IN RE: MATERIAL WITNESS

NOE SILVA-OCARANZA,

CR. 12-50131

ORDER

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is the motion for release from custody by material witness Noe Silva-Ocaranza.[1]

## BACKGROUND

On March 19, 2013, an Order was filed pursuant to 18 U.S.C. § 3144 directing the Clerk of Court to issue an arrest warrant for material witness Noe Silva-Ocaranza.[2]

On March 19, 2013, Noe Silva-Ocaranza was arrested.[3]

On April 3, 2013, an Order was filed which provided:

1. That Noe Silva-Ocaranza be held in the custody of the United States Marshals Service pending his testimony.

2. That this order be unsealed to allow Silva-Ocaranza to request a deposition pursuant to Federal Rule of Criminal Procedure 15(a)(2).[4]

---

[1]Doc. 289.

[2]Doc. 157.

[3]Doc. 164.

[4]Doc. 167.

On June 13, 2013, an Order was filed which provided:

> Pending is the motion filed by material witness Noe Silva-Ocaranza (Doc. 190) which requests he be released from custody or, in the alternative, that a deposition date be scheduled promptly. Based on the briefs of the parties,
>
> IT IS ORDERED:
>
> 1. Noe Silva-Ocaranza's Motion for Release From Custody (Doc. 190) is GRANTED.
>
> 2. The deposition of Noe Silva-Ocaranza for use at trial shall be taken on June 27, 2013, at 9:00 a.m.
>
> 3. At the conclusion of the deposition, Noe Silva-Ocaranza shall be immediately released from custody.[5]

On June 26, 2013, an Order was filed which provided:

> Pending is Defendant Raul Munoz's Objection to the Government's Notice of Intent to Take Videotaped Deposition and Motion to Continue the Deposition (Doc. 248).
>
> This case has been pending since September 2012 and currently involves 11 defendants. A material witness was arrested on March 19, 2013, and has been detained pending his deposition testimony. On May 29, 2013, the material witness filed a motion demanding he be released from custody or that a deposition be scheduled in a timely fashion.
>
> On May 21, 2013, a Superseding Indictment was issued which added Raul Munoz as a defendant. Defendant Raul Munoz made his first appearance with retained counsel on May 31, 2013. On June 13, 2013, a Notice of Intent to Take Videotaped Deposition was filed indicating the date and time for the deposition of the material witness. The schedules of 13 lawyers, a Spanish interpreter and a court reporter were coordinated and the deposition was scheduled for 9:00 a.m. on Thursday, June 27, 2013.

---

[5]Doc. 229.

Four days later, on June 17, 2013, retained counsel for Raul Munoz filed a motion to withdraw indicating "it has been determined that the undersigned will be unable to represent Defendant Munoz." The motion was granted and Mitchell Johnson was appointed as substitute counsel on June 24, 2013. Mr. Johnson objects to the deposition based on not yet being able to meet with his client, to review the voluminous discovery and to prepare for the deposition which will be used at trial.

A review of the file indicates Defendant Raul Munoz was represented by retained counsel and was aware of the deposition and was presumably prepared for it to occur on June 27, 2013. Newly appointed counsel can visit with Defendant and previous counsel to prepare for the deposition. Further, there are 10 other defense lawyers that will be involved in the deposition.

In the interests of justice, it is hereby ORDERED that Defendant Raul Munoz's Objections are overruled and the deposition shall proceed at 9:00 a.m. on June 27, 2013, as previously scheduled.[6]

On July 1, 2013, an Order was filed which granted a motion to reconsider the June 26 Order.

The July 1 Order allowed a 60 day continuance of the deposition.[7]

On August 26, 2013, Silva filed another motion to be released which alleged:

Mr. Silva has been held in custody at the Pennington County Jail since March 20, 2013. On May 29, 2013, Mr. Silva brought a motion to order a videotaped deposition and secure his release from custody. On May 30, 2013, this Court set a date and time for a videotaped deposition. The deposition was ordered to occur at 9 a.m. on June 27, 2013. On June 28, 2013, the deposition was continued at the request of one of the defendants. The deposition was then rescheduled for August 21, 2013. On August 21, 2013, the deposition did not go forward. Mr. Silva remains in custody.[8]

---

[6] Doc. 249.

[7] 7/01/2013 docket entry.

[8] Doc. 289.

3

On September 10, 2013, the video deposition of Noe Silva-Ocaranza was taken.[9] All of the parties were represented at the deposition by counsel. The deposition began at 10:05 a.m. and concluded at 4:14 p.m. The transcript is 145 pages long.

On September 13, 2013, an Order was filed which provided:

> Pending is the motion filed by material witness Noe Silva-Ocaranza for release (Doc. 289) and the objections thereto filed by various defendants. Also pending is the Motion for Early Disclosure of Trial Exhibits, Witness Lists and Jencks Act Material and for Bill of Particulars (Doc. 307).
>
> IT IS ORDERED:
>
> 1. Any further objections to the motion for release filed by Noe-Silva Ocaranza's shall be filed no later than September 18, 2013. Counsel for Noe Silva Ocaranza may file a response to any objections on or before September 23, 2013.
>
> 2. The government shall file its response to Doc. 307 no later than September 23, 2013.
>
> 3. A hearing on the pending motions shall be held via videoconference on Monday, September 30, 2013, at 2:00 p.m. Central time.
>
> 4. The clerk shall arrange for a Spanish interpreter to be present in the Rapid City courtroom for the hearing.[10]

On September 30, 2013, a hearing was held at which Silva's motion for release was considered.[11]

---

[9]Judicial notice is taken pursuant to Rule of Evidence 201. The transcript was furnished to the court by electronic transmission.

[10]Doc. 314.

[11]Doc. 331.

4

Trial is currently scheduled to begin March 4, 2014.[12]

## ANALYSIS AND DECISION

**18 U.S.C. § 3144.**

In pertinent part 18 U.S.C. § 3144 provides:

No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, ***and if further detention is not necessary to prevent a failure of justice.***

(Italics and bold added.)

**Government's Perspective.**

The government acknowledged at the hearing that Silva's further detention is not necessary to prevent a failure of justice if his deposition can be used at trial. The government's concern is that Silva will be deported and unavailable to testify at trial. But if he is unavailable for trial and the government has made reasonable efforts to make him available for trial and has made reasonable efforts to prevent this present material witness from being absent at trial, then the deposition is probably admissible at trial.[13] Silva will necessarily be either present at trial to testify or he will be absent from trial and unable to testify. If Silva will be present at trial to testify, then his further detention is not necessary to prevent a failure of justice. If he will be absent from trial and the government has satisfied its duty to secure his presence and to prevent his absence, then the deposition which has already been taken is probably admissible, so that his further detention is not

---

[12]Doc. 301.

[13]*Aguilar-Ayala, et al., v. Ruiz etc., et al.,* 973 F.2d 411, 418-419 (5th Cir. 1992); and *U.S. v Yida,* 498 F.3d 945, 955 (9th Cir. 2007) ("implicit . . . in the duty to use reasonable means to procure the presence of an absent witness is the duty to use reasonable means to prevent a present witness from being absent.")

5

necessary. The admissibility of the video deposition in whole or part is for Judge Schreier to decide at trial.

*Aguilar* suggests it might be necessary to detain the material witness to avert a failure of justice if his testimony is a linchpin or if his "credibility is severely in doubt"— "especially if the continued detention would be relatively short." It has not been suggested that Silva's testimony is a linchpin. It has been suggested that he provided some unexpected testimony, but it has not been suggested that his testimony is severely in doubt. Moreover, his further detention until trial would not be relatively short. It is five more months until the March 4, 2014, trial is scheduled to begin. By March 4, 2014, Silva, if detained further, would have been in jail almost one year as a material witness. ". . . [U]ndocumented aliens have an overriding liberty interest in not being detained as material witnesses . . . when the deposition procedure serves as an adequate alternative to prolonged detention."[14]

Looking at the matter from the government's perspective suggests further detention of Silva is not necessary to prevent a failure of justice.

**Defendants' Perspective.**

The defendants object to releasing Silva because:

1. The undersigned understands that Mr. Silva-Ocaranza will be deported by U.S. immigration authorities to Mexico upon release from custody of the United States Marshals, making him unavailable as a witness.

2. Mr. Munoz-Escalante's Sixth Amendment right to confront witnesses against him would be violated if Silva-Ocaranza is not available to be cross-examined as a witness at the trial in this matter.

---

[14]*Aguilar-Ayala* at 419-420.

6

3. Furthermore, Assistant U.S. Attorney Eric Kelderman informed counsel, both in an e-mail on September 9, 2013, and during the deposition of Silva-Ocaranza, on September 10, 2013, that he expects to file a Second Superseding Indictment with additional charges being added within the next month. Counsel objected on the record on September 10 to deposing Silva-Ocaranza under such circumstances.

4. Silva-Ocaranza should have information pertaining to the promised new charges and Mr. Munoz-Escalante will need to be able to cross-examine him about that information. See *United States v. Wang*, 964 F.2d 811, 813-14 (8th Cir. 1992) (use of video-taped pretrial deposition violated Confrontation Clause because different crimes with different elements were charged pre-deposition as opposed to at trial).

5. Silva-Ocaranza has refused to be interviewed by the undersigned, as Silva-Ocaranza confirmed during his testimony on September 10.

6. During Silva-Ocaranza's deposition on September 10, he stated that the government's one interview summary (i.e.; Jencks Act material), dated October 16, 2012, was inaccurate; that he had told his federal public defender about the inaccuracies; that the inaccuracies were to be corrected in later interviews with government representatives; and, that he may have met with AUSA Kelderman, perhaps, five times. He was consistently vague about the number of times he met with government agents despite repeated cross-examination on such meetings. The "inaccuracies" included at least, two damaging pieces of information about conversations between Silva-Ocaranza, alone, with Mr. Munoz-Escalante. These two topics are not contained in the discovery or in the Silva-Ocaranza interview report. Assistant U.S. Attorney Kelderman represented to counsel during the deposition that he has no information on the inaccuracies. Nonetheless, the damaging and surprise testimony came during Silva's direct testimony, and was revisited by the government during its redirect examination of Silva-Ocaranza.

7. The government agents who interviewed Silva were not present during Silva's deposition, insofar as the undersigned is aware.

8. The government gave no notice to the undersigned that it had in its possession knowledge of the two subject damaging conversations which Silva claimed to have told government agents.

9. Mr. Munoz's constitutional due process and confrontation rights will be violated if Silva-Ocaranza is released and deported. In other words, Silva

7

needs to be a live witness at trial, both because of the newly revealed evidence and in order for counsel to adequately prepare to confront Silva on all topics he claimed to have revealed to the government. He also needs to be a live witness regarding the new charges the government stated it anticipated bringing in October, 2013.

10. Likewise, Silva-Ocaranza needs to be available as a witness at trial regarding the promised superseding indictment charges.

While the defendants itemized ten assertions, they all boil down to confrontation arguments.

The Sixth Amendment to the United States Constitution in pertinent part provides:

> In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."

The Ninth Circuit addressed the confrontation clause as it relates to § 3144:

> Similar to § 1324(d), § 3144 contains no language abrogating the constitutional requirement of establishing unavailability prior to the admission of preserved testimony. In fact, even after the material witnesses in this case had been deposed and released pursuant to § 3144, the government still had the obligation to establish the witnesses's unavailability in order for their testimony to be admitted into evidence. . . . Because [18 U.S.C. § 3144] easily can be read to comport with the Constitution, we similarly conclude that [the] facial attack should be rejected."[15]

Releasing Silva pursuant to § 3144 does not violate defendants' constitutional rights granted by the confrontation clause.

There is, however, one more issue to address about the confrontation clause. The Eighth Circuit Court Of Appeals has ruled that video depositions taken pursuant to Rule Of Criminal Procedure 15 after a complaint was filed, but before an indictment was filed which contained different charges, when the defendant was unaware of the ultimate charge for which she would be tried, "squarely violated [the] Sixth Amendment rights to be informed of the nature and cause of the

---

[15]*U.S. v. Matus-Zayas*, 655 F.3d 1092, 1099 (9th Cir. 2011).

8

accusation and to be confronted with the witnesses against her" regarding the new, different charges.[16] These pending Munoz, *et al* cases are different because a superseding indictment with new, different charges has not been filed after the § 3144 video deposition was taken. The government has apparently informed the defendants there could be a superseding indictment. Time will tell. The government knows Silva's video deposition cannot be used under existing Eighth Circuit precedent to prove new, different charges against the defendants. Whether a superseding indictment will issue from the grand jury, and whether it will charge different offenses remains unknown.

Finally, Rule of Evidence 802 provides hearsay is not admissible unless a federal statute or a Rule of Evidence provides otherwise. In pertinent part 18 U.S.C. § 3144 provides:

> No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, ***and if further detention is not necessary to prevent a failure of justice.***

(Italics and bold added).

Federal Rule of Evidence 804(a)(5) provides an exception to the rule against admitting hearsay evidence at trial when the proponent of the statement has not been able to procure the attendance of the witness. Federal Rules of Evidence 802 and 804(a)(5) read together with the Eighth and Ninth Circuit precedent regarding the confrontation clause buttress the conclusion that further detention of Silva is not necessary to prevent a failure of justice.

Because the video deposition of Noe Silva-Ocaranza was taken for use at trial on September 10, 2013, and because each defendant was represented by counsel who was afforded the opportunity to cross examine Noe Silva-Ocaranza at the deposition, and because further detention of Noe Silva-Ocaranza is not necessary to prevent a failure of justice,

---

[16]*U.S. v. Wang*, 964 F2d 811, 814 (8th Cir. 1992).

It is ORDERED pursuant to 18 U.S.C. § 3144 that Noe Silva-Ocaranza must be released from custody immediately upon the single condition that he must appear in person at trial to testify whether the trial begins on March 4, 2014, or on some other date.

Dated October 3, 2013.

BY THE COURT:

/s/ John E. Simko
John E. Simko
United States Magistrate Judge